IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

DEER VALLEY HOMEBUILDERS, INC.                                                PLAINTIFF

VS.                                        CIVIL ACTION NO. 5:07-cv-163(DCB)(JMR)

ADAIR MOBILE HOMES, LLC                                                      DEFENDANT

ORDER

This cause is before the Court on the plaintiff Deer Valley Homebuilders, Inc.'s motion for default judgment **(docket entry 5)**. Having carefully considered the motion, the accompanying affidavits, and the record in this case, and being fully advised in the premises, the Court finds as follows:

The defendant was served with process on August 29, 2007 (Return of Service – docket entry 2), and has neither filed an answer nor made an appearance herein. The Clerk made an Entry of Default on September 21, 2007 (docket entry 4). On September 21, 2007, the plaintiff filed its motion for default judgment. There is no certificate of service attached to the plaintiff's motion.

It is the individual practice of this Court to require a certificate of service even in the case of motions for default judgment where there has been no answer or other appearance by the defendant. Rule 55 of the Federal Rules of Civil Procedure provides that "[i]f the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with

written notice of the application for judgment at least 3 days prior to the hearing on such application." Fed.R.Civ.P. 55(b)(2). However, it is within this Court's discretion to require a certificate of service with all motions for default judgment. An entry of default judgment by the court under rule 55(b)(2) against a party who has failed to timely answer rests within the sound discretion of the court. Lewis v. Lynn, 236 F.3d 766, 767 (5th Cir. 2001)(citing Mason v. Lister, 562 F.2d 343, 345 (5th Cir. 1977)); 10A Wright, Miller & Kane, Federal Practice and Procedure: Civil § 2685. Moreover, "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by the courts only in extreme situations." Lewis, 236 F.3d at 767 (quoting Sun Bank of Ocala v. Pelican Homestead and Savings, 874 F.2d 274, 276 (5th Cir. 1989)).

Among the factors a court should consider in deciding whether to grant a default judgment are "whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default." Lindsey v. Prive Corp., 161 F.3d 886, 893 (5th Cir. 1998). Requiring a certificate of service assists the Court in determining if the defendant's failure to act was willful, as well as whether the Court would

later be obliged to set aside the default. Furthermore, in this case the plaintiff seeks damages which are liquidated and/or for a sum certain; therefore, it is not necessary to hold a hearing on damages, and the Court finds that the defendant should be so notified through a copy of this Order. See <u>United Artists Corp. v. Freeman</u>, 605 F.2d 854, 857 (5th Cir. 1979)(default judgment may be entered without a hearing if the amount is liquidated or easily computable).[1]  Accordingly,

IT IS HEREBY ORDERED that the plaintiff's motion for default judgment **(docket entry 5)** is DENIED WITHOUT PREJUDICE;

FURTHER ORDERED that the plaintiff is granted leave to re-file its motion for default judgment, attaching as exhibits the return of service, the clerk's entry of default, and a copy of this Order, and attaching a certificate of service on the defendant through its registered agent or other authorized agent.

SO ORDERED, this the  14th  day of November, 2007.

s/ David Bramlette<br>
UNITED STATES DISTRICT JUDGE

---

[1] The plaintiff's motion also seeks post-judgment interest at a rate of 8% per annum. Federal law provides, however, that the rate of post-judgment interest is calculated from the date on which final judgment is entered and is equivalent "to the weekly average 1-year constant maturity Treasury yield ... for the calendar week preceding the date of judgment." 28 U.S.C. § 1961(a).